THE STATE OF OHIO v. REAKES.

[Cite as State v. Reakes (1974), 41 Ohio Misc. 105.]

(No. 43956—Decided September 3, 1974.)

Municipal Court of Newton Falls, Trumbull County.

*Mr. Charles B. Zubyk*, for plaintiff.
*Mr. Robert W. Jones*, for defendant.

MARSHALL, J. The defendant in this case was arrested by Patrolman D. C. Gomsi, a State Highway Patrolman, for operating a motor vehicle while under the influence of alcohol. As an incident of that arrest Patrolman Gomsi searched the vehicle of the defendant. On the floor of the back seat and immediately behind the driver's seat, he found concealed under a pair of work gloves, a knife with an overall length of 13 inches and a blade of 8 inches. Defendant was then also charged with carrying a concealed weapon in violation of Section 2923.12 (A) of the new Criminal Code of Ohio which became effective January 1, 1974.

R. C. 2923.12 (A): "No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

The defendant, at his arraignment, plead guilty to the charge of operating a motor vehicle while under the influence of alcohol and plead not guilty to carrying a concealed weapon.

This case was tried to the court without the intervention of a jury, thus the court is called upon to interpret R. C. 2923.12.

The arresting officer testified that the automobile defendant was driving was a two-door sedan and that the driver could reach back between the seat and the door and get the knife in his hand without having to open the door or get out of the automobile.

Section 2923.11 (A) of the new Criminal Code defines "deadly weapon."

" 'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

There is no question or dispute that the knife in this case is a deadly weapon, that it was concealed, and that it was ready at hand.

Defendant set up as an affirmative defense that he uses the knife as a tool and that it was in his automobile for the purpose of removing the upholstery from the inside of the door so that he could repair the lock. His testimony was corroborated by his father who testified that to his son, this was a tool rather than a knife.

The court notes that the knife is not sharp and it has scratches and black marks on it which indicate it has been used as a tool.

Defendant further testified that he meant to take all his tools out of his automobile but inadvertantly did not remove the knife because it was under the gloves and he did not see it. He testified that he was unaware of its presence in the automobile.

R. C. 2923.12 (C): "It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply:

" * * *

"(4) The weapon was being transported in a motor vehicle for any lawful purpose, and was not on the actor's person * * *."

The defendant was not prohibited by law from having this knife and it was not on his person, likewise, he has a right to transport tools in his motor vehicle.

The court finds as follows: (1) The knife in this case is a deadly weapon; (2) that it was concealed; (3) that it was ready at hand; (4) that it was being transported in a motor vehicle; (5) that defendant is not prohibited by

law from having it; and (6) that it was in the automobile for a lawful purpose.

Defendant is found not guilty of violating R. C. 2923.12 (A) and is discharged.

There is another very good reason in this case why the defendant must be acquitted. The statute says "knowingly." The defendant's testimony is undisputed that he did not know the knife was still in his car and the state has failed to prove that he did knowingly have it concealed ready at hand.

*Defendant discharged.*